UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| SELENE RMOF REO ACQUISITION, LLC | ) ) ) | |
| Plaintiff, | ) ) | 3:11-cv-0837-LRH-VPC |
| v. | ) ) | ORDER |
| DOUGLAS P. WACHHOLZ; et al., | ) ) | |
| Defendants. | ) ) | |

Before the court is defendant Douglas P. Wachholz's ("Wachholz") motion to dismiss. Doc. #5.[1] Plaintiff Selene RMOF REO Acquisition, LLC ("Selene") filed an opposition to the motion. Doc. #7.

**I.    Facts and Procedural History**

In May, 2007, Wachholz purchased real property through a mortgage note and deed of trust originated by non-party LIME Financial Services, Ltd. ("LIME"). Eventually, Wachholz defaulted on the mortgage note and entered into a mediation in October, 2010. LIME and Wachholz allegedly reached a mediation agreement for a Home Affordable Modification Program ("HAMP") loan modification. Wachholz allegedly failed to comply with the terms of the modification.

Subsequently, Selene purchased the mortgage note and initiated the present judicial

---

[1] Refers to the court's docket entry number.

foreclosure action against Wachholz. Doc. #3, Exhibit 1. Thereafter, Wachholz filed the present motion to dismiss. Doc. #5.

**II.     Discussion**

Wachholz's sole basis for dismissal of Selene's complaint is that Selene has failed to comply with the requirements of NRS 107 concerning recordation of certain assignments prior to pursuing this action. However, NRS 107 et seq. concerns non-judicial foreclosures. Selene's complaint is an action for a judicial foreclosure and is governed by the requirements of NRS 40.430 et seq. The recording requirements of NRS 107 are not a condition precedent to filing suit under NRS 40.430. Therefore, the court finds that there is no basis to dismiss the present action and shall deny Wachholz's motion accordingly.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #5) is DENIED.

IT IS SO ORDERED.

DATED this 21st day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2