UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SELENE RMOF REO ACQUISITION, LLC

       Plaintiff,

v.

DOUGLAS P. WACHHOLZ; et al.,

       Defendants.

3:11-cv-0837-LRH-VPC

ORDER

Before the court is defendants E. Ralph and Linda Walker's ("the Walkers") motion to dismiss. Doc. #50.[1] Plaintiff Selene RMOF REO Acquisition, LLC ("Selene") filed an opposition to the motion (Doc. #51) to which the Walkers replied (Doc. #56).

**I.   Facts and Procedural History**

In May, 2007, defendant Douglas P. Wachholz ("Wachholz") purchased real property through a mortgage note and deed of trust originated by non-party LIME Financial Services, Ltd. ("LIME"). The Walkers hold a second deed of trust against Wachholz.

Eventually, Wachholz defaulted on the mortgage note and entered into a mediation in October, 2010. LIME and Wachholz allegedly reached a mediation agreement for a Home Affordable Modification Program ("HAMP") loan modification. Wachholz allegedly failed to comply with the terms of the

---

[1] Refers to the court's docket entry number.

modification. Subsequently, Selene purchased the mortgage note and initiated the present judicial foreclosure action against Wachholz. Doc. #3, Exhibit 1. Thereafter, the Walkers filed the present motion to dismiss. Doc. #50.

**II.     Discussion**

The Walkers' identify two bases for dismissal of this action. *See* Doc. #50. First, is that defendant Wachholz entered into a binding loan modification with the mortgage servicer, Litton Loan Services ("Litton"), on behalf of LIME that was not breached by Wachholz. However, this is a factual issue improper on a motion to dismiss as Selene's complaint alleges that Wachholz breached the loan modification.

Second, the Walkers argue that Selene is not a proper party to initiate the underlying judicial foreclosure action because Selene is not the proper holder of the mortgage note. Once again, this is a factual issue improper on a motion to dismiss. Selene's complaint specifically alleges that it was a proper assignee of the subject promissory note and that it properly recorded all necessary transfers of ownership rights. Thus, on the face of the complaint, Selene has alleged that it is the proper party to initiate this judicial foreclosure action. Accordingly, the court shall deny the Walkers' motion to dismiss.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #50) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to strike (Doc. #53) is DENIED as moot.

IT IS SO ORDERED.

DATED this 16th day of October, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2